UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD PAUL HARRIS,

        Plaintiff,

        v.                                    Case No. 18-C-1994

CO ENGEL, CO ROEDEN, and
WAUSHARA COUNTY JAIL,

        Defendants.

## SCREENING ORDER

Plaintiff Richard Paul Harris, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee and screens his complaint.

This case is currently assigned U.S. Magistrate Judge Nancy Joseph. However, because both parties have not yet had the opportunity to consent to the magistrate judge hearing the case, the clerk's office referred the case to Judge Pamela Pepper to screen the complaint and decide whether it should be served on any of the defendants. The case has since been referred to this court. The court will explain which claims the plaintiff has stated against which defendants, and then it will return the case to Judge Joseph for further proceedings.

**I.    Motion for Leave to Proceed without Prepayment of the Filing Fee**

Although the plaintiff is no longer incarcerated, he remains subject to the requirements of the Prison Litigation Reform Act (PLRA) because he was incarcerated at the time he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits

without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee. The plaintiff has been assessed and paid an initial partial filing fee. Therefore, the plaintiff's motion to proceed without prepayment of the filing fee will be granted.

**II.     Screening the Plaintiff's Complaint**

    **A.     Federal Screening Standard**

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### B. The Plaintiff's Allegations

The plaintiff is suing CO Engel, CO Roeden, and the Waushara County Jail. Dkt. No. 1 at 1. He alleges that two officers (presumably, defendants Engel and Roeden), along with police and sheriff's department officers, used excessive force against him while he was handcuffed in a segregation cell. *Id.* at 2–3. The plaintiff claims that an officer stated, "You're the guy that assaulted CO's from RGCI," and then the officers walked him to a segregation cell. *Id.* at 2. The defendants and other officers followed the plaintiff into the cell and did not remove his handcuffs. *Id.* The plaintiff states that he sat down in the cell and moments later officers picked him up and slammed him to the floor which bruised his elbow, back, and neck. *Id.* Multiple officers allegedly jammed elbows and knees into the plaintiff's back and neck. *Id.* at 2–3. One officer allegedly kept constant pressure on the plaintiff's face and throat, which caused several bruises. *Id.* at 3. The plaintiff states that he did not resist the officers. *Id.* He alleges that officers assaulted him because he was "'accused' of assaulting guards and not found guilty." *Id.*

The plaintiff seeks monetary damages. *Id.* He also wants a complaint against the defendants to "be taken seriously by outside source." *Id.* at 4.

### C. The Court's Analysis

It is not clear if the plaintiff was a pretrial detainee or a convicted prisoner during the relevant time period. Convicted prisoners must bring excessive force claims under the Eighth Amendment's cruel and unusual punishment clause, while pretrial detainees' rights come from the Fourteenth Amendment's due process clause. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015).

For an Eighth Amendment excessive force claim, the "core inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

3

cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). There is a subjective element which requires a finder of fact to "inquire into [the] prison official's state of mind" to determine whether a constitutional violation has occurred, because "[i]f the pain inflicted is not formally meted out as punishment by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify." *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (quotation omitted). By contrast, to prevail on an excessive force claim under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473. The court does not need to determine whether the plaintiff was a pretrial detainee or a convicted prisoner because his allegations that defendants CO Engel and CO Roeden physically assaulted him while he was handcuffed and not resisting state a claim under both standards.

However, the plaintiff may not proceed against defendant Waushara County Jail. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Waushara County Jail is not a person—it is not an individual subject to suit under § 1983. It is true that, under some circumstances, a municipality—which is not a person—may be sued under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. *Webb v. Franklin Cty. Jail*, Case No. 16-cv-1284, 2017 WL 914736, at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department, and the sheriff's department is an arm of the County. *See Abraham v. Piechowski*, 13 F. Supp. 2d 870, 877–79 (E.D. Wis. 1998). This means that the jail is not a "legal entity separable from the county government which it serves . . . ." *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Because

4

the Waushara County Jail does not have the capacity to be sued, the court will dismiss it as a defendant.

**III.     Conclusion**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Waushara County Jail is **DISMISSED** as a defendant.

**IT IS FURTHER ORDERED** that the United States Marshal serve a copy of the complaint and this order on defendants CO Engel and CO Roeden under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that defendants CO Engel and CO Roeden file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff mail all correspondence and legal material to:

> Office of the Clerk
> United States District Court

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**IT IS FURTHER ORDERED** that this case is **RETURNED** to United States Magistrate Judge Nancy Joseph for further proceedings.

Dated at Green Bay, Wisconsin this 19th day of February, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court